JoiiNsoN, C. J. This case will necessarily turn upon the single question whether a payment by the defendant of the note sued upon would constitute a bar to an action instituted by Lewis Ambrose upon the original obligation. The 4th sec. of the 68th chap, of the Revised Code provides that “all judgments, conveyances, bonds, bills, notes, securities and contracts, where the consideration or any part thereof is money or property won at any game or gambling device, or any bet or wager whatever, or for money or property lent to be bet at any gaming or gambling device, or at any sport or pastime whatever shall be void.” It was admitted by the plaintiff' that he won the original instrument of Marquise Ambrose, and also that said instrument constituted the sole basis of the note upon which this suit was instituted. No attempt was made to impeach the consideration of the original writing as between the immediate parties to it. The consideration of the contract, as between the parties to it, is admitted to be good in law and binding upon them. But it is insisted that Stone, in the mode adopted by him to acquire the possession, derived no title whatever, and that as a necessary consequence the instrument itself could not furnish such a foundation as would support another and separate contract. If the plaintiff in this case had acquired possession of the original instrument by means of a fair and bona fide contract with Marquise Ambrose and had instituted suit upon the same against the defendant, he would most clearly have been authorized to show the want pf authority in Marquise to transfer the legal title and upon such a showing would have defeated the action. If he could have successfully resisted a suit upon the original instrument although acquired by Stone in virtue of a bona fide, contract, then for a much stronger reason could he have defeated him when he had come to the possession by fraud or the process of gaining. It is not believed that the principle is changed or in the least affected by the substitute of the new note though made to a different party. The defendant was not only warranted in setting up the defence, but having been notified of the entire want of title in Stone to the original writing, he would have been left wholly without excuse, and not even entitled to the simpathy of the law. To permit this suit to prevail and at the same time to hold that such recovery would forever bar the obligee in the original obligation would be to give sanction to a most palpable and iniquitous fraud upon his rights. The present plaintiff has but little reason to complain as he has participated in the fraud. It is a universal principle of law that no man shall derive a benefit from a fraudulent transaction where he has wilfully and deliberately participated in the fraud. We consider it clear therefore that, from the state of facts as disclosed by the bill of exceptions in this case, the defendant would not have been protected against an action instituted upon the original contract, and that' therefore his defence is clearly admissible and a complete bar to the plaintiff’s action. Judgment affirmed.